

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2008

# Navas v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Navas v. Comm Social Security" (2008). *2008 Decisions.* Paper 659.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/659

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3754
_____

KATHY NAVAS,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-03677)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
July 3, 2008

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed: August 13, 2008 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Kathy Navas appeals the District Court's order, which affirmed the Commissioner

of the Social Security Administration's ("Commissioner") denial of her application for

disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.

§§ 401-433. For the reasons set forth below, we will affirm the order of the District Court.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Navas was born on November 28, 1949. She is a high school graduate with vocational training in computer programming. She last worked in April 2000 as an assistant buyer, a job which involved light exertion. She suffers from subtle and minimally degenerative spondylosis, bulging and herniated discs, and obesity. She has received various treatments for her ailments, including physical therapy, steroidal injections, and a variety of medications.

Navas filed an application for disability insurance benefits on September 26, 2001, alleging that she had been disabled since April 22, 2000. Her claim was denied in 2002. Navas filed her current application for disability insurance benefits on September 22, 2003, again alleging that she had been disabled since April 22, 2000. Her claim was denied, and Navas requested a hearing before an Administrative Law Judge ("ALJ"). The hearing took place on December 29, 2004, and both Navas and Dr. Mark Zibelman, her physician, testified.

Navas claimed that she had to leave her job in April 2000 due to back pain caused by a motorcycle accident. She testified that she could stand or walk for approximately fifteen minutes and could sit up to one hour before she experienced pain. Dr. Zibelman began treating Navas's back pain in May 2000. In November 2000, she sought treatment from him because she had been involved in a second motorcycle accident. He continued to treat her throughout 2001. Dr. Zibelman reported that in October 2001 the plaintiff could stand for approximately ten minutes, could walk around "a little bit," and "limp[ed]" into the office every visit." Dr. Zibelman stated that he did not measure Navas's range of motion, administer a straight leg test, or note that Navas had an abnormal gait in his treatment records.

The ALJ concluded that Navas was not disabled. She found that, although Navas suffered from a severe impairment, she retained the residual functional capacity[1] to perform her previous job as an assistant buyer, which required light work. The Appeals Council denied Navas's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Navas sought judicial review of the ALJ's decision, and the District Court denied her petition for review. Navas filed this timely appeal.

---

[1]A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a).

## II.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the ALJ's decision to determine whether it is supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . . It is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted).

## III.

Navas had the burden of proving that she was disabled, including that her impairments rendered her incapable of performing her past relevant work. *See* 42 U.S.C. § 423(d)(5)(A). In evaluating whether a claimant has demonstrated that she is disabled, the ALJ considers whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment which meets or is equal to the requirements of a listed impairment; and (4) can perform past relevant work, or (5) is able to perform other work, considering her age, education, and work experience. 20 C.F.R. § 404.1520(a)(i)-(v). Where, as here, a claimant has a severe impairment, but the impairment does not qualify as a listed impairment, "the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform h[er] past

4

work." *Allen v. Barnhart*, 417 F.3d 396, 401 n.2 (3d Cir. 2005) (internal quotation marks and citation omitted).

Navas argues that the ALJ failed to define her sitting, standing, and walking limitations in terms of her residual functional capacity. However, the ALJ explicitly defined Navas's limitations, stating:

> [F]or the relevant period in question, the claimant retained the residual functional capacity to perform the functional demands of a restricted range of light level exertional work, or work which requires maximum lifting of twenty pounds and frequent lifting of ten pounds (20 C.F.R. § 404.1567). More specifically, . . . [the] claimant was incapable of performing postural activities with more than occasional regularity; was incapable of climbing ladders, ropes and scaffolds; and was incapable of dealing with concentrated exposure to extremes of cold and heat.

Moreover, by finding that Navas could perform light work, the ALJ implicitly found that she could work at a job that involves "a good deal of walking or standing," or a job that "involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Therefore, we reject Navas's argument that the ALJ did not define her limitations in assessing her residual functional capacity.

IV.

For the reasons set forth above, we will affirm the order of the District Court.

5